**Cassandra Yolanda HOOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00730–CR.**

Court of Appeals of Texas,
Dallas.

July 23, 1992.

Rehearing Denied Oct. 16, 1992.

Discretionary Review Granted
Jan. 27, 1993.

Edgar A. Mason, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before LAGARDE, OVARD and BURNETT, JJ.

## OPINION

OVARD, Justice.

Cassandra Yolanda Hooks appeals her conviction for aggravated assault. In a bench trial, Hooks pleaded not guilty. The court found her guilty and assessed punishment at ten years' confinement, probated for ten years. Hooks complains that her waiver of a jury trial was involuntary and unintentional. Because, under the facts presented, the trial court's guilty finding necessarily involved an affirmative finding that a deadly weapon was used, we hold the trial court's judgment to be void. As the judgment is void, we need not address Hooks's jury waiver complaint. We re-

verse the trial court's judgment and remand the cause for a new trial.

## FACTS

On April 26, 1991, Hooks appeared before the trial court on a charge of aggravated assault. She waived her right to a jury trial and entered a plea of not guilty. The complainant testified that Hooks stopped her car and got out. She said Hooks approached her car while screaming obscenities, reached in the car window, began hitting her in the face, and then "raised her—her shirt up, pulled a gun out, stuck it in my face, and said she would shoot me." The evidence indicated that no one besides Hooks and the complainant were involved in the attack.

The trial court found Hooks guilty and referred her to a probation officer for a pre-sentencing interview. After receiving the pre-sentencing report, the court entered a final judgment, finding Hooks guilty of "aggravated assault a third degree felony as charged in the indictment. DW." The judge sentenced Hooks to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, but suspended the sentence and placed Hooks on probation for ten years.

## APPEAL

The thrust of Hooks's appeal is that she waived a jury trial based upon misrepresentations by her attorney that the judge had authority to grant her probation. However, she also points out that, because her conviction as charged in the indictment required proof that she used or exhibited a deadly weapon, the court did not have the authority to order probation in her case. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1992) (Texas law prohibits a judge from granting probation in a conviction involving use or exhibition of a deadly weapon); *Shannon v. State*, 723 S.W.2d 322, 323 (Tex.App.—Austin 1987, pet ref'd, untimely filed). Hooks concludes that her judgment and sentence are

void as a matter of law. Because we agree that the trial court's judgment is void, it is unnecessary for us to reach Hooks's jury-waiver complaint.

## VOID JUDGMENT

The Texas Code of Criminal Procedure prohibits a trial judge from granting probation to a defendant found guilty of an offense involving use or exhibition of a deadly weapon. TEX.CODE CRIM.PROC. ANN. art. 42.12, § 3g(a)(2); [1] *see Shannon*, 723 S.W.2d at 323. The Court of Criminal Appeals has held that, when a judgment assessing probation is unauthorized by law, the judgment is void and the cause must be remanded for a new trial. *Fullbright v. State*, 818 S.W.2d 808, 809 (Tex.Crim.App. 1991) (judgment of probation for aggravated assault with a deadly weapon was unauthorized by law and was void; cause remanded for new trial). Where a void sentence is obtained, a court must first attempt to specifically reform any plea. *See Heath v. State*, 817 S.W.2d 335, 337 (Tex. Crim.App.1991). Because Hooks is not eligible for court-awarded probation for the offense of aggravated assault, specific performance of the sentence is not an available remedy. *Id.* The only remaining remedy is to withdraw Hooks's sentence and to return the parties to their original positions. *Id.*

The State points out that article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure applies only where the fact finder makes an affirmative finding on the use of a deadly weapon. *Jones v. State*, 596 S.W.2d 910, 911 (Tex.Crim.App.1980). It argues that because the judgment in Hooks's case does not specifically spell out that the offense was committed with a "deadly weapon", no such affirmative finding was made. We disagree.

A trial court has several means of making an affirmative finding. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App. 1985).[2] In *Polk*, the Court of Criminal

---

1. We note that while sections 3g(a)(2) and 3g(b) of article 42.12 of the Texas Code of Criminal Procedure are inconsistent and confusing, courts interpret section 3g(a)(2) to bar eligibility for probation "unless it is recommended by the jury." *See Shannon*, 723 S.W.2d at 323.

2. We recognize that *Polk* was decided before article 42.12 was amended by the legislature. *See* Act of June 15, 1991, 72nd Leg., R.S., ch. 541, § 1, 1991 Tex.Gen.Laws 1876, 1877 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2)). However, *Polk* remains good law.

Appeals held that a court can make an affirmative finding by declaring the defendant "guilty as charged in the indictment" when the indictment specifically places the issue before the trier of fact. *Id.* Therefore, when (1) the indictment charges use or exhibition of a deadly weapon, (2) a finding of use or exhibition of a deadly weapon is essential for a conviction of the offense as charged in the indictment, and (3) the defendant is found "guilty as charged in the indictment," then an affirmative finding of a deadly weapon is made de facto. *Id.*

█ In Hooks's case (1) the indictment specifically alleged the use of *"a deadly weapon,* to-wit: a firearm"; therefore, placing the issue before the trier of fact, *see Polk,* 693 S.W.2d at 394; (2) the finding of a deadly weapon was essential to convict her of aggravated assault; and (3) the judgment found Hooks "guilty of aggravated assault a third degree felony *as charged in the indictment.* DW." (Emphasis added.) We hold that, under these circumstances, the trial court effectively made a de facto affirmative finding that Hooks used or exhibited a deadly weapon. *See Id.*

### The State's Cases

To support its argument that the trial court failed to make a deadly weapon affirmative finding, the State relies on *Ex parte Brooks,* 722 S.W.2d 140, 142 (Tex.Crim. App.1986); *Ex parte Hughes,* 739 S.W.2d 869, 870–71 (Tex.Crim.App.1987); and *Ex parte Lucke,* 742 S.W.2d 818, 819–20 (Tex. App.—Houston [1st Dist.] 1987, no pet). We find all three of these cases distinguishable.

In *Brooks,* the Court of Criminal Appeals held that merely attaching additional words such as "deadly weapon" to a judgment is not an affirmative finding sufficiently satisfying *Jones. Brooks,* 722 S.W.2d at 142. From *Brooks,* the State concluded that the notation of "DW" in Hooks's judgment is not an affirmative finding. *Brooks,* however, involves a conviction for murder, which may be proven without a finding that a deadly weapon was used. TEX.PE- NAL CODE ANN. §§ 19.02(a)(1)–(3) & 22.- 02(a)(2) (Vernon 1989 & Supp.1992). We find *Brooks* distinguishable from our case.

*Hughes* and *Lucke* also differ from our case.[3] In both *Hughes* and *Lucke* the judgments did not find the defendants "guilty as charged in the indictment." *See Hughes,* 739 S.W.2d at 871; *Lucke,* 742 S.W.2d at 819–20. Again, because we have such a finding in Hooks's judgment, we rely on the Court of Criminal Appeals decision in *Polk* and we conclude that neither *Hughes* nor *Lucke* is applicable to Hooks's case. *See Polk,* 693 S.W.2d at 394.

### Conclusion

We conclude that the trial court effectively made an affirmative finding of a deadly weapon, and we hold that the limitation of article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure applies to Hooks. We hold that the trial court's judgment and sentence are void and remand the cause for a new trial consistent with this opinion.

---

*See Long v. State,* 820 S.W.2d 888, 892 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Blackwell v. State,* 818 S.W.2d 134, 140 (Tex. App.—Waco 1991, no pet.).

**3.** In distinguishing *Hughes,* we find no difference between our statutory authority under TEX. R.APP.P. 80(b) and (c) to reform a judgment to speak the truth, and the authority under *Polk* to make an affirmative finding on a deadly weapon when it is necessary to the prima facie case under consideration. *See Asberry v. State,* 813

S.W.2d 526, 529 (Tex.App.—Dallas 1991, pet. ref'd). Because the finding of a deadly weapon is an element of the aggravated assault offense, it did not matter whether the court itself or a jury was the trier of fact for purposes of finding a deadly weapon. *See State v. Dikes,* 625 S.W.2d 18, 20 (Tex.App.—San Antonio 1981, no writ) ("Where a cause is submitted to the court without a jury, the trial judge acts as the trier of facts and stands in the same position as the jury....").