Cassandra Yolanda HOOKS, Appellant,

v.

The STATE of Texas.

No. 1532–92.

Court of Criminal Appeals of Texas, En Banc.

June 9, 1993.

V.T.C.A. Penal Code, § 22.02(a)(4). In a bench trial on her plea of not guilty, the trial court found appellant guilty and assessed punishment at confinement for a term of ten years and a fine of $300; however, the trial judge suspended imposition of sentence and ordered appellant released on probation for a like term. Article 42.12, § 2(2) and § 3, V.A.C.C.P.

We granted the petition for discretionary review to determine whether the court of appeals correctly held that "the limitation of [Article 42.12, § 3g(a)(2), V.A.C.C.P.] applies to [appellant]," so that the trial court was precluded from placing appellant on probation, in that the trial judge "effectively made an affirmative finding of a deadly weapon;" and consequently further holding the judgment below is "void" and perforce remanding the cause for "a new trial consistent with [its] opinion." *Hooks v. State*, 838 S.W.2d 643, at 645 (Tex.App.—Dallas 1992).[1]

The instant offense was committed on or about October 16, 1990. Then Section 3g(a)(2) provided:

"(a) The provisions of Section 3 of this article do not apply:

\*     \*     \*     \*     \*     \*

(2) to a defendant when it is *shown* that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon *affirmative finding* that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight there-

Edgar A. Mason, Bruce E. Anton, Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The offense is aggravated assault by threat with a deadly weapon, to-wit: a firearm.

1. Appellant was on duty as peace officer when she committed the instant aggravated assault. A condition of probation required that she "submit her resignation to the Dallas Police Department" on a day certain and to "present a copy to the Court" on the following day. Instead, appellant filed a motion for new trial.

   The gravamen of the motion is that she "was not informed by Counsel that the Court did not have *the statutory authority to assess a punishment of probation in a case* such as the offense charged herein *involving the use of a deadly weapon* or that such sentence would be void." After hearing evidence on the motion the trial judge engaged appellant in the following colloquy:

   "THE COURT: [T]he Court was under the impression, at that time, *that the court could give a probated sentence in this case* [and] that is what you were told that I could do, was it not, Miss Brooks?
   DEFENDANT: Yes.
   　　*   *   *   *   *   *
   THE COURT: Well, the Court, having heard the testimony—the motion is denied."
   (All emphasis here and throughout is supplied by the writer of this opinion unless otherwise indicated.)

from, the trial court shall *enter the finding* in the judgment of the court. On an *affirmative finding* that the deadly weapon the defendant used or exhibited was a *firearm,* the court shall enter *that finding* in its judgment." [2]

*Polk v. State,* 693 S.W.2d 391 (Tex.Cr.App. 1985), is regarded as the seminal opinion on the "making" part of the subject, i.e., how an affirmative finding is *made.* The Court used *Polk* as the vehicle to reject "implied findings" of a deadly weapon.[3] Rather, it insisted there be an *"express* determination" that a deadly weapon was used or exhibited, and delineated three manners by which "an affirmative finding may properly be *made"* when a jury is fact-trier. *Id.* at 393, 394 and 396 (first emphasis in original).[4]

**2.** In addition to § 3g(a)(2) Article, for what a judgment should reflect see Article 42.01, § 1, 21: "Affirmative findings *entered* pursuant to [§ 3g(a)(2)]."

The judgment in this cause states the offense as "aggravated assault, a third degree felony as charged in the indictment. DW." It adjudges appellant guilty of an offense described in identical language, and iterates the same preliminarily before assessing punishment. The judgment *sans* pages listing conditions of probation is appended hereto.

This judgment does not purport to reflect that the trial court made a literally expressed *"affirmative finding"* that defendant used or exhibited a deadly weapon during the commission of [the instant] offense," whichever is applicable. Could any reasonably literate lay person understand and appreciate that this judgment affirmatively states: Hooks "used a deadly weapon, to-wit: a firearm [et cetera]"?

**3.** On that matter, the *Polk* court was emphatic, *viz:*

"No longer will a verdict 'amount to' or 'necessarily imply' an affirmative finding of use or exhibition of a deadly weapon or firearm. We will no longer look to the facts of the case to permit an 'implied' affirmative finding as the court of appeals, relying on prior case law, did in this case. [footnote omitted] We overrule all prior holdings to the contrary."

*Id.* at 396. In one of the cases thus overruled the Court resorted to an "implied" finding exercise, but cautioned the bench and bar, *viz:*

"... We should not be understood to hold that this method is the only, or even the better, way to make such a finding. Different indictments, instructions, or forms of verdict obviously might make such a method inadequate to comply with the statute. Nor should we be understood to say that instructions or special issues would be improper or unnecessary in a given case. These questions are not presented today."

*Ex parte Moser,* 602 S.W.2d 530, at 533 (Tex.Cr. App.1980).

The State says that *"Polk* applies exclusively to cases in which the jury is the trier of fact," and invokes as its sole authority *Ex parte Lucke,* 742 S.W.2d 818 (Tex.App.— Houston [1st] 1987) no PDR. Brief for Appellee, at 2–3. Appellant relies entirely on *Polk,* supra, as applied to a bench trial. Brief for Appellant, at 2–3. We do not agree with either premise; reasons about to be developed will show the decision of the court of appeals in this cause is in significant conflict with *Ex parte Lucke,* supra.

Concentrating on other stated particular purposes and prescribed objectives, the *Polk* court did not address the ultimate material issue in this cause, i.e., entry of an affirmative finding in the judgment.[5] Subsequently this Court dealt repetitively with that recur-

**4.** That is not to say, however, that only a jury may properly make an affirmative finding. When the court is trier of fact in a bench trial or in the punishment phase of a jury trial, in proper circumstances it may make an affirmative finding. See, e.g., *Fann v. State,* 702 S.W.2d 602, at 604 (Tex.Cr.App.1985) (opinion on rehearing); *Flores v. State,* 690 S.W.2d 281, at 283 (Tex.Cr. App.1985), but see and compare concurring opinion, at 285–287.

**5.** There can be no doubt that by enacting the "Adult Probation, Parole and Mandatory Supervision Law," Acts 1977, 65th Leg., Ch. 152, p. 925 (S.B. No. 152), the Legislature intended in certain prescribed cases not only to prevent trial courts from granting probation, but also to restrict the Board of Pardons and Paroles in releasing persons by constricting eligibility of prisoners for parole. See former § 3f(a), *id.,* at 926 (now § 3g(a), and former § 15(a) and (b) (now § 8(b), (c) of Article 42.18, V.A.C.C.P.).

In *Polk,* supra, the Court reviewed germane legislative history, and as to the latter purpose concluded:

"... The bill, therefore, was written so that when the trier of fact found that a deadly *weapon or firearm was used in the commission* of the offense, that finding would be entered in the judgment, which would be sent with the order of commitment. Thus, the Department of Corrections would know how to compute the defendant's time for parole purposes."

ring problem, and to its resolution here again we now turn.

In *Ex parte Brooks,* 722 S.W.2d 140 (Tex. Cr.App.1986), the trial court did not *enter* an affirmative finding, despite the ease with which it could have made an "implied" affirmative finding at the punishment phase and then entered such a specific finding separately in the judgment. Yet the Department of Corrections was calculating applicant's parole eligibility date from *"the recitation of the verdict in the judgment,"* as an affirmative finding, "as if the judgment reflected the entry of an affirmative finding concerning the use or exhibition of a deadly weapon." *Id.* at 142. Alluding to teachings of *Polk,* supra, the Court explained:

"... Such an affirmative finding is not a recitation of the offense in the judgment with the words 'deadly weapon,' 'firearm,' or other similar phrases added to the offense for which a defendant is convicted. Nor is an affirmative finding made and *entered* when the judgment reflects the verdict of the jury and that verdict refers to a weapon." (emphasis in original)

\*　\*　\*　\*　\*　\*

"... Although the jury's verdict as the trier of fact in certain circumstances may constitute an affirmative finding being *made, Polk,* supra; it is necessary for an affirmative finding to be *entered separately and specifically* in the judgment of the court *by the trial court."*

*Id.* at 142.[6] *Accord: Ex parte Hughes,* 739 S.W.2d 869, at 870–871 (Tex.Cr.App.1987) (affirmative finding not entered when judgment merely reflects verdict referring to weapon; must enter "separate and specific affirmative finding" *in addition* to recitation of offense adjudicated).

The Court conducted much the same analysis in *Ex parte Poe,* 751 S.W.2d 873 (Tex.Cr.

App.1988). The indictment alleged defendant caused the death of another "by shooting him with a handgun" and the jury found defendant "guilty as charged in the indictment;" the judgment described the offense as "Murder, to-wit a Handgun." That entry, the Court said, will not "constitute a proper finding that the defendant used or exhibited a deadly weapon during the commission of the offense with which he was charged" because "such language does not satisfy the requirement of a *separate and specific entry in the judgment of a finding of use and exhibition of a deadly weapon." Id.* at 875. Again, the Court explained:

"... The three alternative methods of a proper affirmative finding delineated in *Polk, supra,* merely serve as the *factual basis* on which a finding of use and exhibition of deadly weapon is justifiably entered in the judgment."

"... As we made clear in *Ex parte Brooks, supra,* a recitation of the offense in the judgment with the words 'deadly weapon' is insufficient.... Likewise, a reference to a weapon, which is deadly per se, in the judgment is also an insufficient entry in the judgment."

*Id.* at 876. *Accord: Ex parte Empey,* 757 S.W.2d 771, at 774 (Tex.Cr.App.1988) (*making* finding is not *entering* affirmative finding; trial judge must enter *separate* and *specific* affirmative finding that deadly weapon was used or exhibited and, if weapon found to be "firearm," must enter that finding also).

▮ Applying our consistent construction of the second and third sentences in § 3g(a)(2), as determined in *Brooks, Hughes, Poe* and *Empey,* all *supra,* while we may recognize and acknowledge the three recitations in the judgment factually describe the offense of which appellant was convicted, still we must conclude that the trial court did not

---

*Id.* at 393–394, n. 1.

**6.** The court of appeals distinguished *Brooks* on the ground that it "involves a conviction for murder, which may be proven without a finding that a deadly weapon was used." *Hooks v. State,* supra at 645.

While that proposition may be true in the abstract, the facts in *Brooks* are that the indictment

did allege and the jury found defendant caused the death a person "by shooting him with a gun." While not a deadly weapon *per se,* Brooks surely confirmed his gun was a deadly weapon in "the manner of its use or intended use" under V.T.C.A. Penal Code, § 1.07(a)(11)(B). Nevertheless, because the trial court did not *enter* an affirmative finding in the judgment, this Court granted relief from improper determination of

*enter* "a separate and specific affirmative finding" in the judgment below that appellant "used a deadly weapon during the commission of [the] offense."[7]

Therefore, Article 42.12, § 3g(a)(2) will not operate as a bar to probation under the facts of his cause; thus the judgment of the trial court is not void.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals to consider appellant's second point of error.

### APPENDIX

JUDGMENT AND PROBATION–TRIAL BEFORE THE COURT–PLEA OF NOT GUILTY–

MINUTES OF THE CRIMINAL DISTRICT COURT #3 OF DALLAS COUNTY, TEXAS

NO. F–90–05062–VJ                                                    259/79 sh

THE STATE OF TEXAS                                            April TERM, 1991

VS.

CASSANDRA YOLANDA HOOKS                                   May 10, 1991

### JUDGMENT

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of aggravated assault, a third degree felony as charged in the indictment. DW

and this cause being this day called for trial, the State appeared by her assistant Criminal District Attorney John Nelms and the Defendant Cassandra Yolanda Hooks appeared in person and his counsel Walter Irwin also being present, and both parties announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the defendant was duly arraigned and in open Court pleaded NOT GUILTY to the charge contained in the indictment; and the Court having heard the indictment read, the defendant's plea of Not Guilty thereto, the evidence submitted, and argument of counsel, found the defendant guilty as charged.

IT IS THEREFORE FOUND AND ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of aggravated assault, a third degree felony as charged in the indictment. DW

as found by the Court, and that the said Defendant committed said offense on the 16th day of October, 1990, and ____–____ further evidence being heard by the Court, it is further adjudged by the Court that he be punished by confinement in the Texas Department of Corrections for 10 YEARS AND A FINE OF $300.00, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue; and that said Defendant is remanded to the Sheriff of Dallas County, Texas, to await the further order of the Court herein; and it is further ordered by the Court that the imposition of sentence of the Judgment of conviction of the Court herein shall be suspended for a period of 10 YEARS, and the Defendant be placed on Probation during the period of time fixed by the Court, under the conditions to be determined by the Court in accordance with the provisions of the law governing Adult Probation of said State.

parole eligibility based solely on recitations in the *verdict*.

7. From that conclusion it is apparent that the decision of the court of appeals in this cause does conflict with one reason for decision in *Ex parte Lucke*, supra, headnote 3, upon facts of the case that practically square with this one—except Lucke pled guilty in a plea bargain.

The court of appeals believed that *Ex parte Hughes* and *Ex parte Lucke*, both supra, "differ from our case [in that] the judgment did not find the defendants 'guilty as charged in the indictment.'" *Hooks* at 645. However, in *Hughes* the judgment went far beyond such a boilerplate recitation; instead, it adjudged in detail "that defendant is guilty of the offense of burglary of a building with intent to commit theft *while armed with a deadly weapon, to-wit: a pistol* ..."—which this Court said was wrongly interpreted as an affirmative finding. *Id.* at 871. The opinion in *Lucke* failed to quote the judgment, but it does recite that Lucke contends that because "the indictment alleged the used of a deadly weapon, the offense required the use of a deadly weapon, and he pleaded guilty *as alleged in the indictment*," the court was not authorized to grant probation; the court of appeals must have con-

firmed those representations in disposing of his contention as it did. *Id.* at 819, 829 [3].

But even if accurate, that observation by the court of appeals is beside the point being made again here: Regardless of how the judgment may describe the offense of which defendant was convicted, to preclude probation the judgment must reflect a separate and specific entry of an affirmative finding that defendant used or exhibited a deadly weapon during the commission of the felony offense or during immediate flight therefrom, as the case may be, and, if it be a firearm, the judgment must contain that finding, as well. Article 42.12, § 3g(a)(2). See, e.g., forms of judgments in McCormick & Blackwell, *Texas Criminal Forms and Trial Manual* §§ 59.01, 59.-03, 59.05 and 59.06, 7 Texas Practice 728, at 731, 733, 735 and 737; for examples, see *Reed v. State*, 649 S.W.2d 357, at 360 (Tex.App.—Fort Worth 1983), no PDR.

Because neither party asserts in respective brief, and the record in this cause does not show, that the trial judge "simply declined to enter the additional affirmative finding in the judgment," as in *Lucke*, supra at 820, we see no reason to expand our grant of review to consider that separate question. See *Ex parte Poe* supra .at 876.

Fine is to be PAID/~~PROBATED~~.

It appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court in the presence of said Defendant and his counsel proceeded to place Defendant on probation as heretofore determined by the Court.

IT IS THE ORDER OF THE COURT, that the said Defendant, who has been adjudged by the Court to be guilty of aggravated assault a third degree felony as charged in the indictment. DW

and whose punishment has been assessed by the Court at confinement in the Texas Department of Corrections for 10 YEARS AND A FINE OF $300.00 in this said cause be placed on probation for a period of 10 YEARS, in accordance with the provisions of the law governing Adult Probation of said State, it appearing to the Court that the ends of justice and the best interests of the public, as well as the Defendant, will be subserved by suspending the imposition of the sentence herein and placing the Defendant on probation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, that the imposition of sentence herein be and the same is hereby suspended and that the Defendant be and he is hereby placed on probation for a period of 10 YEARS, subject to the terms and conditions of probation this date imposed by law and by the Court and served upon the Defendant by the Clerk of the Court.

Conditions of Probation are attached hereto and are incorporated for all purposes as a part of the Judgment. Court Costs assessed $84.50.

(s) Mark Tolle
JUDGE

BAIRD, Judge, dissenting.

Because the majority ignores the plain wording of Tex.Code Crim.Proc.Ann. art. 42.12 § 3g(a)(2), I respectfully dissent.

The trial judge convicted appellant of aggravated assault, Tex.Penal Code Ann. § 22.-02(a)(4), and assessed punishment at confinement for ten years, probated. The Court of Appeals found the judgment was void and reversed. *Hooks v. State*, 838 S.W.2d 643 (Tex.App.—Dallas 1992). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding that the trial judge made and entered an affirmative finding appellant used or exhibited a deadly weapon under to Article 42.12, § 3g(a)(2). If such a finding was made, appellant was not eligible for court-ordered probation.[1] I would affirm the judgment of the Court of Appeals.

Appellant was indicted for aggravated assault under § 22.02(a)(4), which provides:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:

\* \* \* \* \* \*

(4) uses a deadly weapon.

Specifically, the indictment alleged:

... [Appellant] ... did ... knowingly and intentionally use a deadly weapon, to-wit: a firearm, to threaten [the complainant]

with imminent bodily injury by use of the said deadly weapon.

The judgment reflects that the trial judge found appellant guilty of "aggravated assault a third degree felony *as charged in the indictment.* DW."[2]

On appeal appellant contended the trial judge had no authority to grant probation and that the judgment and sentence were void as a matter of law. The Court of Appeals agreed. *Hooks v. State*, 838 S.W.2d at 645.

In *Polk v. State*, 693 S.W.2d 391 (Tex.Cr. App.1985) we held:

"... if the indictment by allegation specifically places the issue before the trier of fact (i.e. "... by stabbing him with a knife, a deadly weapon...."), then an affirmative finding is de facto made when the defendant is found guilty "as charged in the indictment."

\* \* \* \* \* \*

We pause to note that in some instances an affirmative finding will arise as a matter of law. If the trier of fact finds that a pistol has been used in the commission of the offense under the circumstances described above, then it has found that a deadly weapon has been used since a pistol is a deadly weapon per se. [citations omit-

---

1. The State's ground for review states:

    The Court of Appeals erred in finding that appellant was ineligible for court-ordered probation.

2. Unless otherwise indicated, all emphasis herein is supplied by the author.

ted] This analysis would extend to other instruments categorized as per se deadly weapons, such as a firearm...."

*Id.,* 693 S.W.2d at 394.

As previously noted, the indictment alleged that appellant "used a deadly weapon; to wit: a firearm," and the trial judge found appellant guilty *as charged in the indictment.* The trial judge could *not* have found appellant guilty *"as charged in the indictment,"* without finding that appellant used a deadly weapon.[3] Thus, in the instant case an affirmative finding arises as a matter of law. In other words, when the trial judge found appellant guilty as charged in the indictment, an affirmative finding was "made." *Ex parte Empey,* 757 S.W.2d 771 (Tex.Cr.App.1988). Having made an affirmative finding, the trial judge was required to "enter" that finding. He has no discretion to do otherwise. Tex. Code Crim.Proc.Ann. art. 42.12 § 3g(a)(2) provides:

... On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court *shall* enter that finding in its judgment. art. 42.-12, § 3g(a)(2).

In *Ex parte Poe,* 751 S.W.2d 873 (Tex.Cr. App.1988), we held:

... [A]fter an affirmative finding is made by the trier of fact, the finding *shall* be entered in the judgment by the trial court.

\*    \*    \*    \*    \*    \*

As previously stated, Article 42.12, § 3[g](a)(2), clearly mandates that the trial judge enter in the judgment a finding that a deadly weapon was used or exhibited during the commission of an offense, once the trier of fact makes a proper affirmative finding as per *Polk.* In the present case, the trier of fact undoubtedly made such an affirmative finding. Once this determination had been made the trial judge was required to reflect this by making a proper

entry in the judgment. The trial judge retained no discretion to do otherwise.

*Id.* at 875–876 (emphasis in original).

Today the majority holds the trial judge "did not *enter* 'a separate and specific affirmative finding.'" [Emphasis in original.] Page 113. Such a holding ignores the express language of art. 42.12 § 3g(a)(2) as well as our own caselaw interpreting that article. Under the majority's holding, the entry of an affirmative finding is now discretionary and the trial judge *may* "enter that finding in [the court's] judgment." *Id.*

The Court of Appeals correctly interpreted, distinguished and followed the relevant decisional authority from this Court. Because the majority fails to do so, I respectfully dissent.

WHITE and OVERSTREET, JJ., join this opinion.

3. *See and compare, Ex parte Shaw,* 724 S.W.2d 75, 77 (Tex.Cr.App.1988), in which the trial court found guilt of a lesser included offense did not require a finding of use of a weapon.