### Cassandra Yolanda HOOKS, Appellant,

v.

### The STATE of Texas, Appellee.

No. 05–91–00730–CR.

Court of Appeals of Texas, Dallas.

Dec. 2, 1993.

Edgar A. Mason, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before LAGARDE, OVARD and BURNETT, JJ.

## OPINION ON REMAND

OVARD, Justice.

On original submission to this Court, Cassandra Yolanda Hooks appealed her conviction for aggravated assault. In the trial court, appellant had pleaded not guilty in a bench trial. The trial court found her guilty and assessed punishment at ten years' confinement, probated for ten years. On appeal before this Court, appellant brought one point of error complaining that her waiver of a jury trial was involuntary and unintentional.

In our original opinion, this Court held that the trial court's judgment was void because the trial court's guilty finding necessarily involved an affirmative finding that a deadly weapon was used, and so appellant was ineligible for the probated sentence assessed. Because we held the judgment was void, we further held that we need not address Hook's jury-waiver complaint. *Hooks v. State,* 838 S.W.2d 643 (Tex.App.—Dallas 1992), *rev'd,* 860 S.W.2d 110 (Tex.Crim.App.

1993). Accordingly, we reversed the trial court's judgment. *Id.*

The Court of Criminal Appeals granted the State's petition for discretionary review in this case. The Court of Criminal Appeals reversed this Court's judgment and held that even though appellant used a deadly weapon, the trial court did not *enter* a deadly weapon finding, so the trial court's judgment was not void. The Court of Criminal Appeals held that because there was no deadly weapon finding, the code of criminal procedure did not prohibit probation and the trial court could properly place appellant on probation. The Court of Criminal Appeals held that because the judgment was not void, this Court should not have reversed the judgment of the trial court on that ground. The cause was remanded to this Court to consider appellant's "second point of error."[1]

In her point of error, appellant contends that her jury waiver and plea of guilty was not freely and voluntarily made. She contends she would not have waived a jury trial and pleaded guilty if she had known the trial court allegedly "could not give her probation."

Appellant's argument that her plea was "involuntary" because it was based on "bad advice" regarding her eligibility for probation is meritless. Appellant was granted a probated sentence. Further, the Court of Criminal Appeals held the trial court was authorized to give appellant probation. *Hooks v. State,* 860 S.W.2d 110, 111 (Tex.Crim.App. 1993). Therefore, her plea was not based on "bad advice." We overrule the remainder of appellant's points of error.

The judgment of the trial court is affirmed.

---

1. Appellant did not bring a second point of error in this case. However, on original submission, this Court held that, "because we find the judgment to be void, we need not address appellant's jury waiver complaint." Therefore, we now address this complaint on remand.