TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00554-CR







Edelmiro Javier Elizondo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 194TH JUDICIAL DISTRICT


NO. F93-04612-SM, HONORABLE F. HAROLD ENTZ, JR., JUDGE PRESIDING








PER CURIAM


 Appellant waived a jury trial and pleaded guilty to involuntary manslaughter. Act
of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698 (Tex. Penal Code
Ann. § 19.05(a)(2), since amended and renumbered as § 49.08). The district court adjudged
appellant guilty and assessed punishment at imprisonment for ten years. In two points of error,
appellant contends he received ineffective assistance of counsel at trial and that, as a result, his
guilty plea was involuntary. Finding no merit to these contentions, we will affirm.

 Driving while intoxicated in November 1993, appellant ran a red light and collided
with a police patrol car. Appellant and the police officer were seriously injured. Appellant's
brother, who was a passenger in appellant's car, was killed. In his trial testimony, appellant
expressed his remorse over his brother's death and described the efforts he had made since the
accident to overcome his alcoholism and improve his life. Appellant's employer and several
members of appellant's family testified to appellant's good character and asked the court to place
him on community supervision.

 Appellant's trial strategy was clearly geared toward securing his release on
community supervision. Appellant argues that this strategy was defective because the indictment
to which he pleaded guilty alleged that he caused the death of his brother "by then and there
driving an automobile, a deadly weapon, into and causing it to collide with a motor vehicle and
a utility pole." (Emphasis added.) Appellant notes that a trial court cannot grant community
supervision when it is shown that the defendant used a deadly weapon during the commission of
the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2). Appellant contends that his plea
of guilty to an indictment alleging the use of a deadly weapon rendered him ineligible for court-ordered community supervision, that his trial counsel was ineffective for failing advise him of this
fact, and that this ineffectiveness rendered his guilty plea involuntary.

 We agree with the State that appellant's arguments fail because, as interpreted in
Hooks v. State, 860 S.W.2d 110 (Tex. Crim. App. 1993), article 42.12, section 3g(a)(2) did not
preclude the district court from placing appellant on community supervision. In Hooks, the
indictment accused the defendant of aggravated assault with a deadly weapon, a firearm. After
a bench trial, the court found the defendant guilty "of aggravated assault, a third degree felony
as charged in the indictment, DW [deadly weapon]." Id. at 114. The court sentenced the
defendant to a term of imprisonment, but suspended imposition of sentence and placed her on
probation. The court of appeals, citing article 42.12, section 3g(a)(2), held that the defendant was
not eligible for court-ordered probation because the trial court made a de facto affirmative finding
that the defendant used or exhibited a deadly weapon during the offense. Hooks v. State, 838
S.W.2d 643, 644-45 (Tex. App.--Dallas 1992). The Court of Criminal Appeals reversed the
judgment of the court of appeals, holding that the defendant was eligible for probation in the
absence of a separate and specific affirmative finding in the judgment of conviction. 


 Applying our consistent construction of the second and third sentences in
§ 3g(a)(2), . . . while we may recognize and acknowledge the three recitations in
the judgment factually describe the offense of which appellant was convicted, still
we must conclude that the trial court did not enter "a separate and specific
affirmative finding" in the judgment below that appellant "used a deadly weapon
during the commission of [the] offense."


 Therefore, Article 42.12, § 3g(a)(2) will not operate as a bar to probation
under the facts of his cause; thus the judgment of the trial court is not void.



Hooks, 860 S.W.2d at 113-14 (footnote omitted).

 We interpret the Court of Criminal Appeals's opinion in Hooks to mean that the
district court in this cause, even after finding appellant guilty on an indictment alleging the use
of a deadly weapon, had the discretion not to enter "a separate and specific affirmative finding"
in the judgment of conviction. In the absence of such a finding in the judgment, the court would
have been authorized to place appellant on community supervision. Although the district court's
judgment does contain a specific affirmative finding that appellant used a deadly weapon, and
accordingly appellant was not given community supervision, there is no indication in the record
that the court believed that it was statutorily compelled to enter the affirmative finding or
precluded from placing appellant on community supervision.

 Appellant's contention that trial counsel gave him erroneous advice regarding his
eligibility for community supervision is without merit in light of Hooks. Because appellant has
not shown that his guilty plea was based on erroneous advice from counsel, his contention that
the plea was involuntary also fails. Points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 21, 1995

Do Not Publish