Opinion issued December 27, 2002













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00136-CR
NO. 01-02-00137-CR




STEVEN YONG COBB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 879100, 879101




O P I N I O N

          Appellant, Steven Yong Cobb, pled guilty without an agreed recommendation
to two indictments, one charging aggravated robbery by use or exhibition of a knife,
and the other charging aggravated robbery by use or exhibition of a firearm. See Tex.
Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). After ordering a pre-sentence
investigation (PSI), the trial court made a deadly-weapon finding in each case and
assessed punishment in both cases at eight years in prison, with the sentences to run
concurrently. We determine (1) whether appellant waived his complaints for lack of
objection below, (2) whether the deadly-weapon findings in both judgments are
insufficient for being in allegedly improper form, and (3) whether we should modify
the deadly-weapon finding entered in the judgment in one of the causes to indicate
that the deadly weapon was a firearm. We affirm the judgment in trial court cause
number 879100 (appellate cause number 01-02-00136-CR). We modify the judgment
in trial court cause number 879101 (appellate cause number 01-02-00137-CR) and
affirm the judgment as so modified.
Background
          On May 31, 2001, appellant robbed Dylan Duc Nguyen while pointing a
shotgun at him. The next day, appellant robbed Yvonne Randall at knifepoint,
stealing her car.
Waiver
          In point of error two, appellant claims that the trial court erred in failing to
order separate PSI reports for each case. In point of error three, appellant claims that
the trial court erred by considering the victims’ punishment recommendations
contained under the victim-impact section of the PSI.
          Appellant did not object below on these grounds. Accordingly, if any error
existed, appellant has waived the right to complain of it on appeal. See Tex. R. App.
P. 33.1(a).
          We thus overrule appellant’s points of error two and three.
Sufficiency of Deadly-Weapon Findings
          In point of error one, appellant claims that the trial court erred in entering
allegedly insufficient deadly-weapon findings in both judgments. Specifically,
appellant claims that “the judgments in the cases merely recite that an affirmative
finding of a deadly weapon has been entered,” rather than being in the form required
by the Code of Criminal Procedure. Appellant thus requests that we strike both
deadly-weapon findings.
          The State first argues that appellant waived this challenge by not objecting
below. We disagree. This challenge differs from appellant’s two other challenges
because this challenge is to language in the written judgment, rather than to anything
that occurred in the court hearing. Because the judgment was not prepared until after
the end of the hearing, appellant could not have complained at the hearing about any
alleged defect in the judgment. Additionally, the State cites no authority requiring
a defendant to raise an objection to the wording of a judgment by post-judgment
motion. Indeed, one court of appeals has held to the contrary when considering a
similar appellate complaint, and we have found implicit and analogous authority
supporting that court’s conclusion. See Edwards v. State, 21 S.W.3d 625, 626 n.1
(Tex. App.—Waco 2000, no pet.) (holding that appellant did not need to preserve
complaint that deadly-weapon finding was unauthorized for jury’s not having made
such a finding); see also Tex. R. App. P. 21.2 (in a criminal case, “A motion for new
trial is a prerequisite to presenting a point of error on appeal only when necessary to
adduce facts not in the record.”) (emphasis added); cf. Asberry v. State, 813 S.W.2d
526, 529-31 (Tex. App.—Dallas 1991, pet. ref’d) (before reforming judgment upon
State’s cross-point to add deadly-weapon finding, noting that appellate court’s
general power to reform judgment does not depend on party’s request or trial
objection and that “it is universally known that judgments in criminal cases, unlike
those in civil cases, are generally prepared by clerks or other court personnel, and are
not normally submitted to the parties for approval as to form. Often the parties learn
of the judgment’s recitations for the first time when the record is examined for
appellate purposes and after the trial court has lost jurisdiction of the cause.”),
modified on other grounds by Lockett v. State, 874 S.W.2d 810, 818 (Tex.
App.—Dallas 1994, pet. ref’d); cf. also French v. State, 830 S.W.2d 607, 609 (Tex.
Crim. App. 1992) (adopting, over appellant’s claim that State had waived right to
seek reformation of judgment to add deadly-weapon finding by not objecting below,
Asberry’s reasoning and affirming court of appeals’s reformation that had added
finding). We thus address the merits of this point of error.



          “On an affirmative finding under this subdivision, the trial court shall enter the
finding in the judgment of the court.” Tex. Code Crim. Proc. art. 42.12, § 3g(a)(2)
(Vernon Supp. 2003). “[I]t is necessary for an affirmative [deadly-weapon] finding
to be entered separately and specifically in the judgment of the court . . . .” Ex parte
Brooks, 722 S.W.2d 140, 142 (Tex. Crim. App. 1986). Under that standard, the
judgment must contain something more than, for example, the mere “recitation of the
offense in the judgment with the words ‘deadly weapon,’ or ‘firearm used,’ or other
similar phrases added to the offense for which the defendant is convicted.” Id.
          Each judgment included the standard Harris County affirmative deadly-weapon
finding, which appeared separately from the recitation of the offense: “Affirmative
finding: deadly weapon: yes (circled).” These findings were entered “separately and
specifically” in the judgment and were more than mere “phrases added to the
offense.” See Ex parte Brooks, 722 S.W.2d at 142. The findings are thus not
objectionable for the reason appellant argues.
          We overrule point of error two.
Modification of Deadly-Weapon Finding
          The State asks us to modify the deadly-weapon finding in trial court cause
number 879101 (appellate cause number 01-02-00137-CR) to reflect that a firearm
was the deadly weapon used or exhibited.
          The State relies on Code of Criminal Procedure article 42.12, section 3g, which
states as follows: “On an affirmative finding under this subdivision, the trial court
shall enter the finding in the judgment of the court. On an affirmative finding that the
deadly weapon was a firearm, the court shall enter that finding in its judgment.” 
Tex. Code Crim. Proc. art. 42.12, § 3g(a)(2) (emphasis added). The State interprets
the italicized language to require, in cases in which the deadly weapon used or
exhibited was a firearm, that the deadly-weapon finding also recite that the weapon
was a firearm. See id.; Hooks v. State, 860 S.W.2d 110, 114 n.7 (Tex. Crim. App.
1993) (in dictum, stating, “[T]o preclude probation the judgment must reflect a
separate and specific entry . . . that the defendant used or exhibited a deadly weapon
. . ., and, if it be a firearm, the judgment must contain that finding, as well.”)
(emphasis added); id. at 112, n.2; Whatley v. State, 946 S.W.2d 73, 76 n.3 (Tex. Crim.
App. 1997) (in holding judgment not defective despite its not specifying that firearm
was used, nonetheless noting, “The Code does require the judgment to designate the
deadly weapon as a firearm if there is a finding that the deadly weapon was a firearm. 
[Art. 42.12,] § 3g(a)(2).”). The State seeks modification based on this reasoning. 
          Based on the statute’s plain language, along with the Court of Criminal
Appeals’s apparent interpretation of that language in dictum, we agree that, in cases
in which the deadly weapon is a firearm, section 3g(a)(2) of article 42.12 requires the
deadly-weapon finding to recite not only that a deadly weapon was used or exhibited,
but that the weapon was a firearm.
          “An appellate court has the power to correct and reform a trial court judgment
‘to make the record speak the truth when it has the necessary data and information to
do so . . . .’” Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.]
2001, no pet.) (citing Asberry, 813 S.W.2d at 529-31); see Tex. R. App. P. 43.2(b). 
This power includes adding a deadly-weapon finding to a judgment that erroneously
omitted a factfinder’s deadly-weapon finding and deleting a deadly-weapon finding
that was erroneously entered in the judgment without a factfinder’s first having made
the finding. See French, 830 S.W.2d at 609 (adopting Asberry’s reasoning to add
such finding); Ex parte Nino, 659 S.W.2d 436, 437 (Tex. Crim. App. 1983) (deleting
finding); Polk v. State, 693 S.W.2d 391, 395-96 (Tex. Crim. App. 1985) (deleting
finding); Asberry, 813 S.W.2d at 529-31 (adding finding).
          The record supports modification. The pertinent indictment alleged that
appellant used or exhibited a firearm, which was a deadly weapon. Appellant
stipulated that the indictment’s allegations were true and that he committed the acts
alleged. The PSI showed that the only weapon that appellant used in this offense was
a shotgun. At the punishment hearing, the trial court first noted appellant’s use of a
gun, then stated that the court was making “an affirmative finding of a deadly weapon
on each case.” Although the trial court’s actual finding was phrased in the general
terms of “deadly weapon,” the trial court must have meant that that weapon was a
firearm, given the state of the record. The trial court entered deadly-weapon findings
in both judgments, although the court omitted reciting in one of the judgments that
the deadly weapon was a firearm. 
          Accordingly, we grant the State’s request to modify the judgment in trial court
cause number 879101 (appellate cause number 01-02-00137-CR) to reflect that a
firearm was the deadly weapon used or exhibited. See Tex. P. App. P. 43.2(b).



Conclusion
          We affirm the judgment in trial court cause number 879100 (appellate cause
number 01-02-00136-CR). We modify the judgment in trial court cause number
879101 (appellate cause number 01-02-00137-CR) to add to the deadly-weapon
affirmative finding that the weapon was a firearm, and we affirm the judgment as so
modified.
 
 
     Tim Taft
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Publish. Tex. R. App. P. 47.4.