

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1634-07

**LINDSEY ALYN CRUMPTON, Appellant**

**v.**

**THE STATE OF TEXAS**

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY

KELLER, P.J., filed a dissenting opinion in which PRICE, and HOLCOMB, JJ., joined.

Whether the defendant has notice that a deadly weapon finding may be entered, and whether the jury actually makes a deadly weapon finding, are entirely separate issues. The Court conflates the two issues, relying upon a notice case – *Blount v. State*[1] – to establish that an affirmative finding was actually made. The problem is that *Blount* relied squarely upon *Ex parte Beck*[2] for its notice

---

[1] 257 S.W.3d 712 (Tex. Crim. App. 2008).

[2] 769 S.W.2d 525 (Tex. Crim. App. 1989).

holding,[3] and *Beck* specifically explained that its holding with respect to notice did not affect the

requirements for making an affirmative finding:

> At this juncture, it is appropriate to comment on Judge Clinton's concurring opinion which concludes that it is *Polk v. State*, 693 S.W.2d 391 (1985), which is being modified or overruled. Such a notion might lead to some confusion if left unrebutted.
>
> To understand the difference between notice and affirmative finding, it is helpful to mentally compartmentalize the "notice of a deadly weapon issue" apart from the "affirmative finding issue." The concept of notice that there will be a deadly weapon issue in the case is the concern of today's majority opinion and of *Ex Parte Patterson*, *supra*. This notice concept is totally divorced from the "affirmative finding of a deadly weapon" body of law that has emerged with the *Polk*, *supra*, line of cases.
>
> Affirmative finding law emerged as a child of Article 42.12 of the Code of Criminal Procedure. It is solely the result of the insertion of the word "affirmative" in that statute, and has no link to any concept of notice. In fact, nothing in Article 42.12 or in the *Polk* line of cases prohibits an entry of an affirmative finding without prior notice to the accused. An affirmative finding is just that: a finding that is affirmatively made. This can be accomplished by: (1) A jury's answer to a special issue, or (2) by a finding of "guilty as charged in the indictment." In the latter case, the indictment must also contain an averment of a deadly weapon, or a named deadly weapon per se.
>
> Notice that there will be a deadly weapon issue in the case happens to be given, under our holding today, in the above latter case (i.e. when the indictment contains an averment of deadly weapon or a named deadly weapon per se). But the fact that common wording concerning a deadly weapon in the indictment may satisfy the affirmative finding requirement of *Polk* and also satisfy the notice requirement of today's holding in no way merges the two separate and distinct bodies of law.
>
> In sum, in the case at bar, the averment in the indictment [causing the death of the complainant by shooting him with a gun] gave appellant notice that the State would attempt to prove that the named gun was used in a manner that caused death and therefore was a deadly weapon. The notice requirement espoused in *Patterson*, as modified today, is therefore satisfied. By contrast, had the jury not answered a special issue that the gun was a deadly weapon, there would have been no affirmative finding of deadly weapon made, even upon the return of a verdict of "guilty as charged in the

---

[3] 257 S.W.3d at 713-14.

indictment." *Polk*, *supra*. But since a special issue was so answered, the affirmative finding was properly entered, and appellant does not challenge the entry of an affirmative finding on that ground.[4]

I would also point out that, in the earlier case of *Ex parte Brooks*, this Court held that an affirmative finding of a deadly weapon was *not* made by the jury finding the defendant "guilty of murder by then and there intentionally or knowingly causing the death of an individual, . . ., by shooting him with a gun."[5] Because a "gun" was not a deadly weapon per se, we held that none of the methods outlined in *Polk* for making a deadly weapon finding were utilized.[6] So the jury's verdict did not constitute an express finding that a deadly weapon was used or exhibited, as required by the statute.[7]

The Court incorrectly equates the concept of "as included in the indictment" with the concept of "as charged in the indictment." The Court makes the unwarranted assumption that the deadly-weapon allegation is one of the included allegations rather than one of the excluded allegations. This assumption is a logical non-sequitur and, as noted above, it is not allowed by our caselaw.

The Court argues that when a jury finds true an allegation that the defendant caused a death, the verdict is necessarily a finding that a deadly weapon was used. This is an appealing argument, but it is contrary to our caselaw. It is also refuted to some extent by the answer to the question posed by the Court itself: a jury has the ability to find a defendant guilty of causing a death but at the same time answer a deadly-weapon special issue in the negative. This may mean that the verdict and the answer to the special issue are inconsistent, but that inconsistency is allowed because the statute

---

[4] *Beck*, 769 S.W.2d at 527-28 (bracketed material in original).

[5] 722 S.W.2d 140, 141 (Tex. Crim. App. 1986)(ellipsis in original).

[6] *Id.* at 142.

[7] *Id.*

requires an "affirmative" finding.

The Court's opinion also seems to me to be inconsistent with the reasoning in *Hooks v. State*.[8] Hooks was charged with aggravated assault by threat with a deadly weapon, to-wit a firearm.[9] The trial court found her guilty as charged and placed her on probation.[10] Hooks argued that she was not eligible for probation because the trial court effectively made an affirmative deadly weapon finding by determining that she was guilty of the charged offense.[11] This Court disagreed, holding that as long as no affirmative finding was *entered* in the judgment, Hooks was eligible for probation.[12] While this holding focused on the difference between making an affirmative finding and entering an affirmative finding, the Court also discussed how affirmative findings could be made. We said:

> *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), is regarded as the seminal opinion on the "making" part of the subject, i.e., how an affirmative finding is made. The Court used *Polk* as the vehicle to reject "implied findings" of a deadly weapon. Rather, it insisted there be an "express determination" that a deadly weapon was used or exhibited, and delineated three manners by which "an affirmative finding may properly be made" when a jury is fact-trier.[13]

Since the jury in this case was the trier of fact, the question becomes whether it *made* a finding that a deadly weapon had been used. If it did not, then the trial court had no authority to enter such a

---

[8]  860 S.W.2d 110 (Tex. Crim. App. 1993).

[9]  *Id.* at 111.

[10]  *Id.*

[11]  *Id.*

[12]  *Id.* at 113-14.

[13]  *Id.* at 112 (footnotes omitted).

finding. The Court says, "The jury's verdict was a finding that the defendant used a deadly weapon." But under *Polk* and *Brooks*, the jury's verdict of guilt of a lesser-included offense in this case does not constitute a finding of deadly-weapon use. And since a deadly-weapon finding was not made by the jury, the trial court was without authority to enter one.

The holdings in *Polk* and *Brooks* are consistent with the discussion in *Beck* and inconsistent with the Court's holding today. To hold as it does today, the Court must overrule *Polk* and *Brooks*, and it must explain away the thoughtful discussion in *Beck*. These are things the Court's opinion does not purport to do.

I respectfully dissent.

Filed: December 9, 2009
Publish