

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,806-01

### EX PARTE JORGE LUIS SANCHEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 10-07-00050-CRL-A FROM THE
### 218TH DISTRICT COURT OF LA SALLE COUNTY

YEARY, J., filed a concurring opinion.

### CONCURRING OPINION

The Court holds today that we should grant relief to Applicant on the grounds of ineffective assistance of counsel. According to the Court, Applicant's trial counsel gave him erroneous advice when he told him that "the trial court had the authority to grant him 'straight' probation" and that "the trial court could assess probation." While I agree that we should grant relief, I do not agree that trial counsel's advice was factually incorrect or erroneous. I simply believe that trial counsel's advice was not sufficiently detailed in light of our recent decision in *Guthrie-Nail v. State*, __S.W.3d__, No. PD-0125-14, 2015 WL

5449642 at *3, del. Sept. 16, 2015. *Guthrie-Nail* rendered uncertain the question of the availability of judge-imposed community supervision under Article 42.12, Section 3g(a)(2) of the Texas Code of Criminal Procedure by holding that trial judges have unfettered discretion to decline to make a deadly weapon finding. TEX. CODE CRIM. PROC. art. 42.12 §3g(a)(2). The proper resolution of this case is not as straightforward as the Court makes it out to be and requires further explanation.

### *The Aftermath of* Guthrie-Nail

Much to my consternation, *Guthrie-Nail* held that, even if a defendant pleads guilty to an allegation of committing a crime with a deadly weapon, the trial judge still has complete discretion to decline to make an affirmative finding that a deadly weapon was used. *Guthrie-Nail*, 2015 WL 5449642 at *3-4; *see id*. at 12 (Yeary, J., dissenting). This is of no small import in this case. Under Article 42.12 §3g(a)(2), "when it is shown that a deadly weapon was used or exhibited" the judge may not grant community supervision. TEX. CODE CRIM. PROC. art. 42.12 §3g(a)(2). The plain language of the statute seems to indicate that community supervision is not available any time evidence of a deadly weapon is "shown." Yet this Court in *Guthrie-Nail* held otherwise: Even if the defendant pleads guilty to a deadly weapon allegation, the trial judge can still exercise discretion to decline to make an affirmative deadly weapon finding, and in that event the probation statute "will not operate as a bar to probation[.]" *Guthrie-Nail*, 2015 WL 5449642, at *3 (quoting *Hooks v. State*, 860 S.W.2d 110, 114 (Tex. Crim. App. 1993)).

*Ineffective Assistance of Counsel*

Despite the majority's opinion here that counsel "incorrectly advised Applicant," it is difficult in this case to say categorically that Applicant was given incorrect advice when trial counsel told him that the trial court still had the authority to grant community supervision. While Applicant's community supervision eligibility turned on the entry of a deadly weapon finding in the judgment, whether or not an entry would be made was contingent on how the trial court would exercise its unfettered authority to decide whether or not to make an affirmative finding of a deadly weapon. *Id*. (citing *Hooks,* 860 S.W.2d at 114).

In granting relief today, the Court relies on trial counsel's concession that he "incorrectly advised Applicant that he would be eligible for community supervision," and on the trial court's recommended finding that such advice was incorrect. But, in *Guthrie-Nail,* the Court determined that we had already held in *Hooks*—"by necessary implication"—that a trial judge could decline to make an affirmative finding of a deadly weapon even if the defendant pled guilty to a deadly weapon allegation. *Id*. Indeed, according to the majority in *Guthrie-Nail*, this has been the law since 1993! Contrary to what the Court says today, the advice that trial counsel gave to Applicant was not inconsistent with precedent under *Guthrie-Nail's* interpretation of *Hooks*.

The Court today also references the fact that defense counsel, the prosecution, and the trial judge were "under the mistaken impression that Applicant was eligible for community

supervision from the trial court." Majority Opinion at 2. But this impression was not necessarily "mistaken." Under the majority opinion in *Guthrie-Nail*, it is difficult to know how to advise a defendant who is pleading no contest to a deadly weapon allegation with respect to whether or not he is eligible for community supervision. Under Section 3(a) of Article 42.12, a judge may ordinarily impose community supervision. TEX. CODE CRIM. PROC. art. 42.12 §3(a). But under Section 3g(a)(2), the judge is prohibited from doing so "when it is shown that a deadly weapon . . . was used or exhibited during the commission of a felony offense . . . and that the defendant used or exhibited the deadly weapon[.]" TEX. CODE CRIM. PROC. art. 42.12 §3g(a)(2).

I suppose the issue then becomes, does community supervision eligibility disappear when the defendant pleads guilty or no contest to a deadly weapon allegation? Under a plain reading of Article 42.12 §3g(a)(2), common sense would say "yes." But *Guthrie-Nail* indicates otherwise, holding that a plea to a deadly weapon allegation does not *necessarily* render a defendant ineligible for community supervision. How else could the defendant in *Hooks* have pled guilty to a deadly weapon allegation and still have received community supervision? The logical force of these holdings suggests that a defendant retains at least the *possibility* of obtaining judge-imposed community supervision right up until such a time as the trial judge exercises his discretion to make an affirmative deadly weapon finding. But where that eligibility begins and ends is far from certain, and advising a defendant with respect to community supervision eligibility under these circumstances is a dicey proposition.

It should come as no surprise that giving the trial court the authority to ignore evidence when making its findings would lead to such confusion.

None of this is to say that counsel here was not ineffective. Nowhere in his affidavit did trial counsel say that he fully explained to Applicant the variables involved in pleading no contest to an indictment with a deadly weapon allegation, nor did he tell Applicant the effect that such a plea might—or might not—have on his ability to actually obtain community supervision. While the trial court had the authority to decline to make a deadly weapon finding, Applicant should have been told that pleading no contest to an indictment with a deadly weapon allegation would, at the very least, have created an additional potential impediment to receiving community supervision, since it would give the trial court the discretion to make an affirmative deadly weapon finding.[1] That information was crucial to making an informed decision on whether to plead guilty, and trial counsel was deficient in failing to inform Applicant of it.

This case demonstrates the oddity of our holding in *Guthrie-Nail*. A trial court is prohibited by statute from granting community supervision if there is a deadly weapon finding. Yet, that same trial court has *absolute discretion* to make, or decline to make, a deadly weapon finding despite a plea of guilty to a deadly weapon allegation. But if the very same trial court has the authority to decline to make the deadly weapon finding—no matter

---

[1] Under Article 42.12 §3(a) of the Texas Code of Criminal Procedure, a trial court must take into account various factors, such as "the best interest of justice, the public, and the defendant" when determining whether to grant or deny community supervision to the defendant. TEX. CODE CRIM. PROC. art. 42.12 §3(a).

what the evidence shows—then, as a purely practical matter, the decision to grant community supervision is itself wholly within the discretion of the trial court, and the statutory prohibition against judge-imposed community supervision is rendered toothless.

My interpretation of Article 42.12, Section 3g(a)(2)—laid out in my dissent in *Guthrie-Nail*—would bring far more clarity to this issue. I believe that a judge must make an affirmative finding of a deadly weapon whenever "the trial court is the fact-finder and the defendant pleads guilty to an offense 'as alleged' in an indictment that has alleged a deadly weapon." *Guthrie-Nail*, 2015 WL 5449642, at *12 (Yeary, J., dissenting). Not only does this better serve the legislative intent,[2] but it also simplifies defense counsel's advisory function in the plea bargain context, at least in the face of a deadly weapon allegation. Under my interpretation, trial counsel could simply have advised Applicant that a guilty plea to a charge containing a deadly weapon allegation would serve to render him *ineligible* for straight community supervision—period. Unfortunately, our previous decision in *Guthrie-Nail* has left this area of the law far more muddled and uncertain than it should be.

### *Conclusion*

While I agree with the Court that we should grant Applicant relief, we should not declare that what trial counsel advised his client was inaccurate or incorrect. It was simply insufficiently detailed to inform his client of a nuance we have lately (or was it in 1993?)

---

[2] *Guthrie-Nail*, 2015 WL 5449642, at *12 (Yeary, J., dissenting) ("[O]bviously the Legislature did not want the trial court to have any discretion to impose regular community supervision 'when it is shown that a deadly weapon' was used.").

created in the law that was critical to an informed decision how to plead, and it therefore failed to meet the constitutional threshold of professional competence.

With these observations, I concur.

FILED:     November 4, 2015
PUBLISH