**Ex parte Rafael Soto MENDEZ.**

**No. 69747.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1987.

---

Randy Farrar, Huntsville, for appellant.

Sam D. Millsap, Jr., Dist. Atty. and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus transmitted to this Court pursuant to Article 11.07, V.A.C.C.P. The applicant was convicted for the offense of murder, punishment was assessed at twenty years in the Texas Department of Corrections. No direct appeal was taken.

Applicant contends that although an affirmative finding concerning the use or exhibition of a deadly weapon was not entered specifically in the judgment by the trial court pursuant to Article, 42.12, Sec. 3f(a)(2), V.A.C.C.P.; calculation of applicant's parole eligibility date by the Texas Department of Corrections is being made according to Article 42.12, Sec. 15(b), V.A.C.C.P.[1]

The trial court found the applicant guilty and assessed punishment. In *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985) the methods for the proper making of an affirmative finding were delineated. The trial court has authority to make such a finding when he is the trier of fact at the punishment phase. *Fann v. State*, 702 S.W.2d 602 (Tex.Cr.App.1986). This procedure was not utilized.

As in *Ex parte Brooks*, 722 S.W.2d 140, (Tex.Cr.App.1986), applicant has included as an exhibit attached to his application a copy of the records from the Texas Department of Corrections showing the time calculations as to applicant's parole eligibility date. This record indicates that applicant's parole eligibility date is being calculated as if the judgment reflected the entry of an affirmative finding concerning the use or exhibition of a deadly weapon. The record from the Texas Department of Corrections denotes the offense for which applicant was convicted as "murder w/knife". It also reflects that Article 42.-12, Sec. 15(b) is being applied since it shows that the time for applicant's parole eligibility date is calculated on "flat only." The offense of murder is not listed in Article 42.12, Sec. 3f(a)(1), V.A.C.C.P. as an offense which in itself causes a defendant's parole eligibility date to be calculated without the consideration of good conduct time.

Article 42.12, Sec. 3f(a)(2) also requires, "Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court." Such an affirmative finding is not a recitation of the offense in the judgment with the words "deadly weapon," "firearm used," or other similar phrases added to the offense for which a defendant is convicted, Brooks, supra. The recitation in the instant judgment is that the applicant was convicted of "MURDER (KNIFE USED)." There is no other reference to the use of a deadly weapon in the judgment which in any manner could be construed as an affirmative finding. The recitation in the judgment in this cause is insufficient as an affirmative finding, *Brooks*, supra.

As there was not an affirmative finding entered in the judgment in this cause, appli-

---

1. Applicant was convicted in 1981. Then the applicable provisions concerning an affirmative finding were Article 42.12, Sections 3f and 15.

Due to the 1985 amendments, the current provisions are Article 42.12, Sec. 3g, V.A.C.C.P. and Article 42.18, Sec. 8, V.A.C.C.P.

cant is entitled to his requested relief. Applicant is entitled to have his parole eligibility date calculated by the Texas Department of Corrections without the effect of an affirmative finding. The Clerk of this Court shall cause a copy of this opinion to be delivered to the Texas Department of Corrections [2] and to the Board of Pardons and Paroles.

**2.** When it is brought to the attention of officials of the Texas Department of Corrections that a judgment does not contain a specific entry of an affirmative finding, and a situation exists similar to the one in this cause, every effort should be made to correct such an erroneous determination by internal administrative procedures.

Causing an inmate to pursue relief by means of Art. 11.07, in every case, regardless of the clarity and correctness of his complaint, results in extensive and time-consuming litigation. We are certain that the officials of the Texas Department of Corrections will do all things necessary to see that such a procedure is implemented.