**Ex parte Billy Ray HUGHES.**

**No. 69702.**

Court of Criminal Appeals of Texas, En banc.

Nov. 18, 1987.

Billy Ray Hughes, pro se.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Caprice Cosper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus. Article 11.07, V.A. C.C.P.

Applicant was convicted of burglary of a building with intent to commit theft while armed with a deadly weapon. Punishment was assessed at thirty years.

Applicant alleges that the trial court erroneously entered an affirmative finding that he *was armed* with a deadly weapon. Applicant asserts that this finding was contrary to Article 42.12, Sec. 3f(a)(2), V.A.C. C.P., which required that the factfinder make an affirmative finding that the defendant *used or exhibited* a deadly weapon.[1] We find that we need not address applicant's contention because the judgment does not contain an affirmative finding as defined in Article 42.12, Sec. 3f(a)(2).

At the time of appellant's conviction, Article 42.12, Sec. 3f(a)(2), provided that:

"... Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment."

In the recent case of *Ex parte Brooks*, 722 S.W.2d 140 (Tex.Cr.App.1986), we held that the affirmative finding alluded to in Article 42.12, Sec. 3f(a)(2), supra, is not a recitation of the offense in the judgment with the words "deadly weapon" added to the offense. Nor is an affirmative finding made and entered when the judg-

---

1. Article 42.12 has now been renumbered so that this material is found in Sec. 3g(a)(2).

ment merely reflects the verdict of the jury and that verdict refers to a weapon. See also *Ex parte Mendez*, 724 S.W.2d 77 (Tex. Cr.App.1987). Rather there must be a separate and specific affirmative finding entered by the trial court in addition to the recitation of the offense for which the defendant is convicted. *Ex parte Brooks*, supra.

 A review of the judgment in the instant case reveals that no such affirmative finding was entered. The pertinent portion of the judgment reads as follows:

"It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense of burglary of a building with intent to commit theft while armed with a deadly weapon, to-wit, a pistol, a felony, and that the offense occured (sic) on the 16th day of March, 1979, as found by the jury, and that he is the same person previously convicted of a felony offense of the same nature as the primary offense, alleged in the indictment, as found by the jury, and that he be punished by confinement in the Texas Department of Corrections for 30 years, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue, and that the Defendant be remanded to jail to await the further orders of this Court."

It appears that the applicant was not the only one who interpreted the judgment as containing an affirmative finding. The trial judge noted on the docket sheet that he had made an affirmative finding of a deadly weapon. However, under the case law cited above, it is clear that the requirements of Article 42.12, Sec. 3f(a)(2), supra, were not met and no affirmative finding was entered.

Since there was not an affirmative finding entered in the case, we do not reach the merits of applicant's claim and thus the relief prayed for is denied. Applicant has not pled that the Texas Department of Corrections is calculating his parole eligibility date as if there was an affirmative finding. However, in the interest of justice, we find that applicant is entitled to have his parole eligibility date calculated without the effect of an affirmative finding. Article 42.12, Sec. 15(b), V.A.C.C.P. (1977 Supp.)[2] Thus we now order the Clerk of this Court to cause a copy of this opinion to be delivered to the Texas Department of Corrections and the Board of Pardons and Paroles.

It is so ordered.

2.  Now found in Article 42.18, Sec. 8(b), V.A.C.C. P.