TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00137-CR


 NO. 03-96-00138-CR

 NO. 03-96-00139-CR






John Wade Newton, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NOS. 4630, 4631 & 4632, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING






 These appeals are taken from convictions for possession of more than four grams but less
than four hundred grams of tetrahydrocannabinol with intent to deliver, possession of less than one gram
of lysergic acid diethylamide with intent to deliver, and possession of over four grams but less than five
pounds of marihuana. Each of the three indictments alleged in a separate paragraph the use and exhibition
of a deadly weapon, a firearm, during the commission of the offense.

 On January 8, 1996, a jury was selected with testimony to begin the next morning. On
January 9, appellant waived trial by jury and entered guilty pleas to the three indictments in a bench trial. 
The court ordered a presentence investigative report and reset the proceedings for February 8. On that
date, the trial court assessed punishment at 8 years' imprisonment in each case, with the sentences to run
concurrently. In each judgment, the trial court made a finding that a firearm had been used or exhibited in
the commission of the offense.

 Appellant advances four points of error. First, he contends that the State presented no
evidence that he used or exhibited a firearm during the commission of the charged offenses. In a related
matter, appellant urges in his third point of error that the trial court erred in relying on informants' out-of-court statements, thus violating his Sixth Amendment constitutional right to confront witnesses. In his
second point of error, appellant claims that the trial court improperly entered an affirmative finding of the
use of a deadly weapon in each judgment. In his fourth point of error, appellant contends he received
multiple punishments in violation of his Fifth Amendment freedom from double jeopardy.

 Initially, we turn to appellant's challenge of the legal sufficiency of the evidence to sustain
the affirmative finding of the use or exhibition of a deadly weapon in each case as alleged in the indictments. 
In a guilty plea to a felony, after trial by jury has been waived, it is necessary for the State to introduce
evidence in the record showing the guilt of the defendant and no person shall be convicted upon his plea
without sufficient evidence to support the same. See Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp.
1997). The formal judgments in the instant cases clearly reflect that evidence was heard in each case. 
There is, however, no statement of facts reflecting what evidence was heard. The burden is on appellant
to see that a sufficient record is presented to show error. See Tex. R. App. P. 50(d). By failing to present
a statement of facts from the actual trial nothing has been presented for review. Johnson v. State, 894
S.W.2d 529, 535 (Tex. App.--Austin 1995, no pet.); Montalvo v. State, 846 S.W.2d 133, 137 (Tex.
App.--Austin 1993, no pet.); Elam v. State, 841 S.W.2d 937, 940 (Tex. App.--Austin 1992, no pet.). 
We are unable to appraise appellant's contention. Moreover, it is generally presumed on appeal that all
rulings of the trial court are correct. Hardin v. State, 471 S.W.2d 60, 63 (Tex. Crim. App. 1971). (1) Any
omission in the record supports the trial court's judgment. See State v. Pierce, 816 S.W.2d 824, 831
(Tex. App.--Austin 1991, no pet.). Appellant does not assert in his brief why he does not believe that a
.22 caliber weapon and a loaded .30-.30 rifle were used or exhibited in the offenses. Assertions in
appellate briefs or attachments thereto that are not supported by the record will not be accepted as fact. 
See Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981), cert denied, 456 U.S. 910
(1982); Beck v. State, 573 S.W.2d 786, 788 (Tex. Crim. App. 1978); Miranda v. State, 813 S.W.2d
724, 738 (Tex. App.--San Antonio 1991, pet. ref'd). Point of error one is overruled.

 In a related matter, appellant also contends that the court, in relying on informants' out-of-court statements, violated his Sixth Amendment right to confront witnesses. This third point of error is
confusing and difficult to follow. Apparently appellant is arguing that these statements from informants who
are not identified were used by the trial court as the basis for its affirmative finding in each case that
appellant used or exhibited a firearm. Our attention is not directed to any page number in the record where
these statements can be found. Tex. R. App. P. 74(f). In addition, we are not told where in the appellate
record before this Court appellant objected to the admission of these statements into evidence on the basis
of lack of confrontation of witnesses, if he did so object. In order to preserve error for review, a defendant
must make a timely and specific objection. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a).

 Appellant asserts in his brief that the presentence report shows that the observations of the
investigative officers did not indicate that "firearms played any role in the suspected" offenses. It is not clear
whether appellant contends the so-called "unsubstantiated claims of confidential informants" are also to be
found in the presentence report. That report is not in the appellate record. It was appellant's burden to
bring it forward. Tex. R. App. P. 50(d). In the absence of the statement of facts as noted earlier, it is
impossible to tell what part the missing presentence report played, if any, in the affirmative findings made
by the trial court as to the use or exhibition of a firearm in each case. The third point of error presents
nothing for review and is overruled.

 In the second point of error, appellant urges that the entry in each of the judgments
regarding the use or exhibition of a deadly weapon in the form of a firearm was improper. It is true that
an affirmative finding should be entered separately and specifically in the judgment by the trial court. Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp 1997); Brooks v. State, 722 S.W.2d 140, 142
(Tex. Crim. App. 1986). The judgment entry must identify the deadly weapon; a simple recitation that a
deadly weapon was used is insufficient. Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App. 1983). 
A judgment recitation of "murder (knife used)" is not sufficient. Ex parte Mendez, 724 S.W.2d 77, 78
(Tex. Crim. App. 1987). Neither will the words "deadly weapon," "firearm used" or similar phrases added
to the name of the offense in the judgment be sufficient. Id.

 In the early portion of each judgment in the instant case, we find the entry: "Findings on use
of deadly weapon: Court finding that deadly weapon, to wit: firearm used or exhibited during the
commission of the offense." Later in the body of each judgment in a separate paragraph, we find: "The
Court further finds from the evidence that the Defendant did use or exhibit a deadly weapon, to wit: a
firearm () during the commission of the offense . . ." These forms may not be model judgment entries,
but we reject appellant's claim the entries are vague and insufficient to constitute an affirmative finding. Ex
parte Hughes, 739 S.W.2d 869, 871 (Tex. Crim. App. 1987), upon which appellant relies is clearly
distinguishable. The second point of error is overruled.

 In his last point of error, appellant contends that he "received multiple punishments in
violation of his Fifth Amendment freedom from double jeopardy." The Double Jeopardy Clause of the Fifth
Amendment to the United States Constitution protects against three distinct abuses: (1) a second
prosecution for the same offense after conviction; (2) a second prosecution for the same offense after
acquittal; and (3) multiple punishments for the same offense. See United States v. Halper, 490 U.S. 435,
440 (1989). It is this last protection which appellant seeks to invoke.

 The record reflects that in each case appellant filed a verified special plea of former
jeopardy under article 27.05. Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). He alleged that as
a result of civil forfeiture matters and tax matters including controlled substance tax assessments the
prosecution of the criminal offenses would subject him to multiple punishments. At a pretrial hearing, the
record of which is before us, appellant called the special plea or motion to dismiss to the court's attention,
indicated he would probably amend it and agreed to carry the motion "along with the trial." The record
does not reflect that any evidence was offered to support the special pleas or that appellant obtained an
adverse ruling from the trial court on the special pleas. In fact, appellant makes no claim that any ruling was
obtained. He has attached to his brief certain documents as exhibits pertaining to civil forfeiture
proceedings and tax assessment matters, which he asserts supports his claim of multiple punishments. As
noted earlier, assertions in an appellate brief or attachments that are not supported by the record cannot
be accepted as fact. Vanderbilt, 629 S.W.2d at 717; Miranda, 813 S.W.2d at 738. Point of error four
is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: July 3, 1997

Do Not Publish








* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. There is in each record a document which is labeled "Defendant's Plea of Guilty, Waiver Stipulation
and Judicial Confession." In such document, signed by appellant, is the statement: "I do further admit and
judicially confess that I knowingly, intentionally, and unlawfully committed the acts alleged in the indictment
in this cause at the time and place and in the manner alleged. . ."




Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp 1997); Brooks v. State, 722 S.W.2d 140, 142
(Tex. Crim. App. 1986). The judgment entry must identify the deadly weapon; a simple recitation that a
deadly weapon was used is insufficient. Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App. 1983). 
A judgment recitation of "murder (knife used)" is not sufficient. Ex parte Mendez, 724 S.W.2d 77, 78
(Tex. Crim. App. 1987). Neither will the words "deadly weapon," "firearm used" or similar phrases added
to the name of the offense in the judgment be sufficient. Id.

 In the early portion of each judgment in the instant case, we find the entry: "Findings on use
of deadly weapon: Court finding that deadly weapon, to wit: firearm used or exhibited during the
commission of the offense." Later in the body of each judgment in a separate paragraph, we find: "The
Court further finds from the evidence that the Defendant did use or exhibit a deadly weapon, to wit: a
firearm () during the commission of the offense . . ." These forms may not be model judgment entries,
but we reject appellant's claim the entries are vague and insufficient to constitute an affirmative finding. Ex
parte Hughes, 739 S.W.2d 869, 871 (Tex. Crim. App. 1987), upon which appellant relies is clearly
distinguishable. The second point of error is overruled.

 In his last point of error, appellant contends that he "received multiple punishments in
violation of his Fifth Amendment freedom from double jeopardy." The Double Jeopardy Clause of the Fifth
Amendment to the United States Constitution protects against three distinct abuses: (1) a second
prosecution for the same offense after conviction; (2) a second prosecution for the same offense after
acquittal; and (3) multiple punishments for the same offense. See United States v. Halper, 490 U.S. 435,
440 (1989). It is this last protection which appellant seeks to invoke.

 The record reflects that in each case appellant filed a verified special plea of former
jeopardy under article 27.05. Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). He alleged that as
a result of civil forfeiture matters and tax matters including controlled substance tax assessments the
prosecution of the criminal offenses would subject him to multiple punishments. At a pretrial hearing, the
record of which is before us, appellant called t