NO. 07-02-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 10, 2003

_____

KENNETH L. CADE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 98-460593; HON. RUSTY B. LADD, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Kenneth L. Cade appeals from an order revoking his community supervision. Two issues are before us. The first involves whether the trial court abused its discretion in affirmatively finding that appellant's commission of the underlying offense involved domestic violence. The second issue concerns whether the trial court erred by stating, in its order revoking community supervision, there existed a plea bargain and that

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

the punishment assessed did not exceed that recommended by the State. We modify the order of the trial court and, as modified, affirm it.

## *Background*

Appellant pled guilty to the offense of assault on April 13, 2000. At that time, he was adjudicated guilty and sentenced to confinement for 365 days in the Lubbock County Jail. However, the trial court suspended the sentence and placed appellant on community supervision for 24 months. Thereafter, the State moved to revoke appellant's community supervision, which motion was followed by an amendment. Appellant pled true to all of the allegations in the motion. Then, the trial court revoked his probation and sentenced him to confinement for 345 days in the Lubbock County Jail.

## *Issue One - Affirmative Finding of Domestic Violence*

As previously mentioned, appellant argues that the trial court abused its discretion when it purportedly found that the underlying conviction involved domestic violence. We overrule the issue.

The purported finding appears in the opening paragraph of the order revoking community supervision and consists of the following passage: ". . . community supervision heretofore granted by this Court in this Cause on **April 13, 2000**, wherein the Defendant was convicted for the offense of ***Assault/Domestic Violence*** . . . ."[2] (Emphasis in original). According to appellant, the italicized phrase constituted an affirmative finding that he committed domestic violence and, more importantly, the trial court lacked

---

[2] The trial court made no oral pronouncement that the assault was one of domestic violence at the time it revoked appellant's probation and assessed his punishment.

2

evidentiary basis to so find. We need not reach the issue for the passage does not constitute an affirmative finding of domestic violence.

Statute dictates that, in the trial of an offense under Title 5 of the Penal Code (which includes assault), if the court determines that the offense involved family violence as defined in §71.01 of the Family Code, then the trial court must make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.[3] TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon Supp. 2003). However, the mention in a judgment or order of the offense followed by the phrase "domestic violence" does not constitute an affirmative finding for purposes of art. 42.013 of the Code of Criminal Procedure. *See Ex parte Hughes,* 739 S.W.2d 869, 870-71 (Tex. Crim. App. 1987) (holding that an affirmative finding with respect to the use or exhibition of a deadly weapon is not merely a recitation of the offense in the judgment with the words "deadly weapon" attached to the offense); *State v. Eakins,* 71 S.W.3d 443, 444 n.1 (Tex. App.--Austin 2002, no pet.) (stating that although the designation "assault causes bodily injury - DV" suggests the assault involved domestic violence, the passage did not constitute an affirmative finding of domestic violence); *Tucker v. State,* 61 S.W.3d 446, 448-49 (Tex. App.--Amarillo 2001, pet. ref'd) (holding that the mere recitation of the offense accompanied by the words "deadly weapon" did not constitute the inclusion in a judgment of an affirmative finding concerning the use

_____

[3]Former §71.01 of the Family Code is now found in §71.004 of the Family Code and is defined as an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself. TEX. FAM. CODE ANN. §71.004(1) (Vernon 2002). It also includes dating violence as defined in §71.0021 of the Family Code. *Id.* §71.004(3).

3

of a deadly weapon).  Rather, there must be a separate and specific affirmative finding entered in addition to the recitation of the offense for which the defendant has been convicted.  *Ex parte Hughes,* 739 S.W.2d at 871.  That is missing here, and, since it is, we need not address appellant's first issue.[4]

### *Issue Two - Finding of Plea Bargain*

In his second issue, appellant argues that the trial court erred when it included certain language in its order revoking community supervision.  The language in question appears in the last paragraph of the order above appellant's fingerprint and states that: "[t]his plea is the result of plea bargaining between the Defense and the State, and the punishment herein assessed does not exceed the punishment recommended by the Prosecutor and as agreed to by the Defendant with advice of his counsel."  According to appellant, there was no plea bargain nor recommendation as to punishment.  The State agrees with the representation.

A reviewing court has the power to modify incorrect judgments when the necessary data and information are available to do so.  *Abron v. State,* 997 S.W.2d 281, 282 (Tex. App.--Dallas 1998, pet. ref'd); *Williams v. State,* 911 S.W.2d 788, 791 (Tex. App.--San Antonio1995, no pet.).  The language about which appellant complains does not warrant reversal of the cause.  However, given the concession by the State, we have before us the necessary data and information to correct the error.  Thus, we sustain issue two and redact the verbiage quoted above from the order.

---

[4]The failure of the trial court to make an affirmative finding that family violence was involved in the offense does not necessarily mean the offense did not involve family violence, and the fact may be proved at the trial of a subsequent offense for family violence.  *State v. Eakins,* 71 S.W.3d at 445.

4

We modify the order revoking community supervision and delete the following passage from it: "[t]his plea is the result of plea bargaining between the Defense and the State, and the punishment herein assessed does not exceed the punishment recommended by the Prosecutor and as agreed to by the Defendant with advice of his counsel." As modified, the order is also affirmed.

Brian Quinn
Justice

Do not publish.