Affirmed as Reformed and Memorandum Opinion filed July 22,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00444-CR



Ismiatou Othman, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1076355



 

MEMORANDUM OPINION 

Appellant Ismiatou Othman seeks modification of the
trial court’s judgment in which she was convicted of the offense “Aggravated Assault-Family
Member.”  We reform the trial court’s judgment and affirm as reformed.  

Background

Appellant was charged in 2006 with the felony offense
of aggravated assault, stemming from an incident involving a member of
appellant’s family or household as defined by the Texas Family Code.[1]  Appellant
pleaded “guilty” to the charged offense.  The trial court sentenced appellant
to two years’ deferred adjudication and made an affirmative finding that the offense
“involved family violence,” as contemplated by title 5 of the Texas Penal Code.[2]

In 2008, the State moved to adjudicate appellant’s
guilt, alleging that appellant had failed to abide by court-ordered conditions
of her probation.  Appellant pleaded “not true” to the allegations in the
motion.  Following a hearing on the motion, in which the State presented
evidence, the trial court adjudicated appellant’s guilt.  The trial court’s
judgment reflects appellant was convicted of “Aggravated Assault—Family Member,”
a second degree felony; however, the trial court did not enter an affirmative
finding that the offense involved family violence.  The trial court sentenced
appellant to three years’ confinement.  

Issue and Analysis

In a single issue, appellant seeks reformation of the
trial court’s judgment to reflect a conviction for aggravated assault, noting
that the Texas Penal Code does not recognize an offense entitled “Aggravated
Assault—Family Member.”  The State agrees that the trial court’s judgment
should be reformed to reflect a conviction for aggravated assault.  The parties
also agree that an affirmative finding of family violence should be
incorporated into the trial court’s judgment

An appellate court may reform a trial court’s
judgment to allow the record to “speak the truth” when that court has the
“necessary date and information to do so, or make any appropriate order as the
law and nature of the case may require.”  French v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992); Nolan v. State, 39 S.W.3d 697, 698
(Tex. App.—Houston [1st Dist.] 2001, no pet.).

Article 42.013 of the Texas Code of Criminal
Procedure, entitled “Finding of Family Violence,” requires a trial court to enter
an affirmative finding of family violence in its judgment if the trial court
determines that an offense involves family violence.  See Tex. Code Crim. Proc. Ann. art. 42.013
(Vernon 2006); Butler v. State, 189 S.W.3d 299, 301 n.2 (Tex. Crim. App.
2006) (providing that assault is an offense under article 42.013 that may
require an affirmative finding that the offense involved family violence); State
v. Eakins, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.); see also
Tex. Fam. Code Ann. § 71.004
(Vernon 2008) (defining “family violence” as “an act by a member of a family or
household against another member of the family or household”).  Mere reference
in a trial court’s judgment to the named offense followed by the phrase “family
member” is not sufficient to constitute an affirmative finding of family
violence under article 42.013.  See Ex parte Hughes, 739 S.W.2d 869,
870–71 (Tex. Crim. App. 1987) (pertaining to affirmative findings involving the
phrase “deadly weapon” following recitation of an offense).  Rather, a
separate, specific affirmative finding must be entered in addition to the
recitation of the offense for which a defendant has been convicted.  Id. at
871.  However, when a judgment is silent regarding family violence, the silence
does not necessarily mean that the trial court considered the issue and
determined that family violence was not involved.  See Eakins, 71 S.W.3d
at 445.

A person commits the offense of assault if that
person intentionally, knowingly, or recklessly causes bodily injury to another
person.  Tex. Penal Code Ann. §
22.01(a)(1) (Vernon 2003).  The offense becomes aggravated assault if that
person commits the offense of assault and causes serious bodily injury or uses
or exhibits a deadly weapon during the commission of the assault.  Id. §
22.02(a) (Vernon 2003).  The record reflects that appellant was charged with
aggravated assault for causing bodily injury to another by use of a deadly
weapon, namely a knife.  See id. §§ 22.02(a)(2), 22.02(b)(1) (defining
respectively “assault” and “aggravated assault”).  According to the charging
instrument, appellant committed the offense of aggravated assault against a
family member or household member, as defined by the Texas Family Code.[3]  See
id. §§ 22.02(a)(2), 22.02(b)(1); Tex.
Fam. Code Ann. §§ 71.003, 71.005 (defining respectively a member of a
family or household).  Appellant pleaded “guilty” to the charged offense, and
the trial court, in accepting the plea and ordering deferred adjudication, made
an affirmative finding that the charged offense involved family violence, as
contemplated by article 42.013 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann.
art. 42.013; see also Butler, 189 S.W.3d at 301 n.2.  However, the trial
court’s judgment adjudicating appellant’s guilt does not include an affirmative
finding of family violence and instead reflects improper nomenclature of a
conviction for “Aggravated Assault—Family Member.”  See Tex. Penal Code Ann. § 22.02(a); Hughes,
739 S.W.2d at 870–71 (involving judgment that omitted a required affirmative
finding).  For this reason, the judgment should be reformed.  We sustain
appellant’s sole issue on appeal.

Accordingly, we reform the trial court’s judgment to
omit the reference to “Aggravated Assault-Family Member” and to insert in its
place language reflecting appellant’s conviction for the offense of aggravated
assault and the trial court’s affirmative finding of family violence.  See Tex. R. App. P. 43.2(b); French,
830 S.W.2d at 609.  

The trial court’s
judgment is affirmed as reformed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of
Justices Frost, Boyce, and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
See Tex. Fam. Code Ann. §§
71.003, 71.005 (Vernon 2008) (defining respectively a member of a “family” and
a member of a “household”).





[2]
See Tex. Penal Code Ann. §
22.02(a) (Vernon 2003) (reflecting that “aggravated assault” is an offense
under title 5 of the Texas Penal Code).





[3]
Under the Texas Penal Code, a person commits a first-degree felony offense if
that person uses a deadly weapon during the commission of an assault and causes
serious bodily injury to another person who is a family or household member, as
defined by sections 71.003 or 71.005 of the Texas Family Code.  See Tex. Penal Code Ann. § 22.02(b)(1)
(involving aggravated assault against a family member).  However, appellant was
charged with causing bodily injury against the complainant by use of a deadly
weapon; the record does not reflect that the complainant sustained serious
bodily injury as contemplated by section 22.02(b)(1) to convict appellant of an
offense under section 22.02(b)(1).  Moreover, the record reflects that
appellant was convicted of the second-degree felony of aggravated assault
instead of a first-degree felony.  See id. § 22.02(a) (defining
aggravated assault).